IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMAR M. COOK,** : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 2:24-cv-04176-JLS |
| : | |
| **DANIEL LEVITT,** *et al.*, : | |
| Defendants. : | |

**MEMORANDUM**

**SCHMEHL, J.** */s/ JLS*                                                                                                 **JULY 16, 2025**

      Jamar M. Cook alleges constitutional and common law claims in connection with a traffic stop that took place in June 2019, and an associated search, arrest, and prosecution. Before the Court are (1) the Motion to Dismiss filed by Defendants Joaquin Kent, a Philadelphia Police Officer, and the City of Philadelphia (ECF No. 22); and (2) Plaintiff's Motion for Alternative Service as to Defendant Daniel Levitt (ECF No. 24). For the reasons that follow, Defendants' Motion to Dismiss will be granted in part and denied in part and Plaintiff's Motion for Alternative Service will be denied.

**I. FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY[1]**

      On June 19, 2019, Philadelphia Police Officers Daniel Levitt and Joaquin Kent conducted a traffic stop of Jamar Cook's car. (Compl. at 4.) Cook alleges the stop was "an illegal pretextual stop" because the officers' stated reason for stopping him—faulty brake lights—was not true. (*Id*. at 5.) The officers asked Cook if he had firearms in the car, to which Cook responded no and "expressed displeasure" with the question. (*Id*.) Officer Levitt told Cook in an

---

[1] The factual allegations are taken from the Complaint (ECF No. 2). The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

"aggressive tone" that he needed to search Cook's car due to recent shootings in the area. (*Id.*) Cook told the passenger in his car that he had a right to remain silent and then "intimated" to the officers that Cook "would not consent to a warrantless search." (*Id.*) When Officer Levitt responded with "hostility," Cook feared for his life and drove away, letting his passenger off at the next block. (*Id.* at 6.) Cook then crashed his car into another car and was "apprehended by Defendant Kent following a brief foot pursuit." (*Id.*)

Cook alleges that Officer Levitt filed a false police report claiming that the brake light was inoperable, that Cook acted in a nervous and suspicious manner, that he smelled PCP, and that he observed a gun tucked next to the driver's seat. (*Id.*) Cook was ultimately charged with firearm and drug possession charges, among others. (*Id.* at 6-7.) Cook states that the PCP that the officers discovered on his dashboard was "actually acquired from the occupants of the car that Defendants . . . stopped prior to [Cook]." (*Id.* at 7.)

Due to the "false arrest," Cook was detained in county jail for 84 days after a Pennsylvania State Parole Board detainer was lodged against him. (*Id.* at 8.) Although the charges were dismissed on September 3, 2019 for lack of prosecution, because the detainer remained, Cook was not released until September 10, 2019 when he posted bail. (*Id.*) The following day, the charges were refiled, and Cook was taken back into custody. (*Id.*) At a preliminary hearing held in January or February of 2020, Officer Levitt falsely testified that Cook refused to provide his license and registration. (*Id.*) The judge held the charges for trial, and, as a result, Cook spent another 212 days detained pursuant to a parole detainer. (*Id.* at 9.) At some point, Cook posted bail and was released. (*Id.*) On September 17, 2020, Cook was arrested again "for an unrelated matter," and his bail pertaining to the charges at issue was

revoked.  (*Id*.)  The charges for the unrelated matter were *nolle prossed* in February or March 2022.  (*Id*.)

Cook alleges that at a "Rule 600 Speedy Trial Hearing," the date of which is not disclosed, Officer Kent testified that, contrary to the police report and Officer Levitt's testimony at the preliminary hearing, he never smelled drugs or observed a gun, and was not present when Officer Levitt discovered the drugs during the search.  (*Id*. at 10.)  Cook was released on house arrest on May 12, 2022, and learned that Officer Kent had been charged with perjury.  (*Id*.)  During a "trial readiness hearing" on August 12, 2022, the Commonwealth moved to withdraw all charges against Cook.  (*Id*. at 10-11.)  As a result of this incident, Cook spent a total of 416 days in confinement and 92 days on house arrest before the prosecution was terminated.  (*Id*. at 11.)

Based on these allegations, the Court understands Cook to assert Fourth Amendment claims against Defendants for false arrest, false imprisonment, and malicious prosecution; and a First Amendment retaliation claim.  (*Id*. at 12.)  He also asserts *Monell* claims against the City of Philadelphia, *see Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 (1978), and state law claims for false arrest, negligent infliction of emotional distress and intentional infliction of emotional distress.  (*Id*.)  For relief, he seeks money damages, as well as expungement and an apology.  (*Id*. at 14.)

On December 18, 2024, the Court granted Cook leave to proceed *in forma pauperis*.  (ECF No. 11.)  In its December 18, 2024 Order, the Court dismissed with prejudice Cook's claims against Philadelphia District Attorney Jane Doe ("ADA") as barred by absolute immunity and concluded that the remaining claims passed statutory screening and could proceed to service by the U.S. Marshall Service, in accordance with 28 U.S.C. § 1915(d) against Defendants Levitt,

3

Kent, and the City of Philadelphia. (*Id*.) The Court directed Cook to complete and return USM-285 Forms for each of the three Defendants so that the U.S. Marshal Service could effectuate service. (*Id*.) After Cook returned USM-285 Forms for Defendants Levitt and Kent (ECF Nos. 13, 16), the Court issued summonses (ECF Nos. 17, 18.) Summonses were returned executed on Defendants Kent and the City of Philadelphia. (ECF No. 19.) The U.S. Marshals could not effectuate service on Defendant Levitt because Levitt was "no longer employed" at the city address provided on the USM-285 Form submitted by Cook and because "no forwarding address [was] provided." (*See* ECF No. 20.) The Court provided Cook another opportunity to submit a USM-285 Form for Defendant Levitt listing an address where Levitt could be served. (*See* ECF No. 21.) Cook did not resubmit a revised USM-285 Form but instead filed a Motion for Alternative Service" (ECF No. 24), wherein he requests that the Court permit him to serve Defendant Levitt by publishing notice of the lawsuit in a newspaper or by serving his former employer. (*Id*.)

      Defendants Kent and the City of Philadelphia filed a Motion to Dismiss (ECF No. 22), to which Cook responded (ECF No. 25). In their Motion to Dismiss, Kent and the City of Philadelphia argue that all of Cook's claims are barred by the two-year statute of limitations. (*See* ECF No. 22 at 5-7.) In his Response, Cook contends that his "false arrest" and *Monell* claims are timely because they did not accrue until his charges were withdrawn in August of 2022. (*See* ECF No. 24 at 2.) Liberally construing Cook's Complaint and Response, the Court understands Cook to be asserting that his malicious prosecution claims against Defendants are not time-barred. [2]

---

[2] Although Cook refers to false arrest claims, he describes malicious prosecution claims in both his Complaint and in his Response. *See Holley v. Dep't of Veteran Affairs*, 165 F.3d 244,

4

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  "A 12(b)(6) motion tests the sufficiency of the allegations contained in the complaint." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).  In deciding a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555.)  "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted).  It is the defendants' burden to show that a complaint fails to state a claim. *See Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (explaining that on a Rule 12(b)(6) motion to dismiss, the "defendant bears the burden of showing that no claim has been presented").

In resolving a Rule 12(b)(6) motion, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223,

---

248 (3d Cir. 1999) ("We apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name.").

230 (3d Cir. 2010). To determine whether a complaint filed by a *pro se* litigant states a claim, a court must accept the facts alleged as true, draw all reasonable inferences in favor of the plaintiff, and "ask only whether that complaint, liberally construed contains facts sufficient to state a plausible . . . claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (cleaned up), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024); *see also Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (*pro se* filings are construed liberally).

### III.     DISCUSSION

#### A.     Motion to Dismiss

Cook asserts various constitutional claims, including Fourth Amendment claims based on his stop, search, arrest, prosecution, and the fabrication of evidence to support probable cause; a First Amendment claim based on Levitt's "unprovoked hostile behavior" after Cook asserted his "God-given constitutionally protected rights" during the traffic stop (*see* Compl. at 13); and a municipality liability claim against the City of Philadelphia under *Monell*. Cook also appears to assert state law tort claims for false arrest and for negligent and intentional infliction of emotional distress.

Defendants contend that all claims asserted by Cook in his Complaint must be dismissed as barred by the statute of limitations. "A complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017). The timeliness of a § 1983 claim is governed by the limitations period applicable to personal injury actions of the state where the cause of action arose. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). Pennsylvania's two-year statute of limitations applies to these claims. *See* 42 Pa. Cons.

Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007).  Pennsylvania's two-year statute of limitations also applies to Cook's state law tort claims for false arrest and intentional and negligent infliction of emotional distress.  *See* 42 Pa. Stat. and Cons. Stat. Ann. § 5524.  A claim accrues "when a plaintiff has a complete and present cause of action, that is, when [he] can file suit and obtain relief."  *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (quotations omitted).  In general, this means that the statute of limitations will start running at the time the plaintiff "knew or should have known of the injury upon which [his] action is based."  *Sameric Corp. of Del. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998).

      The Court agrees that many of Cook's claims are time-barred.  Cook's Fourth Amendment and state law tort claims based on the traffic stop, search, and arrest accrued on June 19, 2019 when he was stopped, searched, and arrested.  *See Lloyd v. Ocean Twp. Counsel*, 857 F. App'x 61,64 (3d Cir. 2021) (*per curiam*) (noting that false arrest and imprisonment claims begin to run at the time the plaintiff was "detained pursuant to legal process"); *LeBlanc v. Snavely*, 453 F. App'x 140, 142 (3d Cir. 2011) (*per curiam*); *Nguyen v. Pennsylvania*, 906 F.3d 271, 273 (3d Cir. 2018) (illegal search claims accrue at "the moment of the search"); *Ojo v. Luong*, 709 F. App'x 113, 116 (3d Cir. 2017) (*per curiam*) ("Most of [plaintiff's claims] accrued when defendants conducted their searches and seizures on July 11, 2011, because [plaintiff] knew or should have known the basis for these claims at that time."); *Sevast v. Kakouras*, 915 A.2d 1147, 1153 (Pa. 2007) (explaining that in Pennsylvania, "the statute of limitations begins to run as soon as the right to institute and maintain the suit arises").  Cook's First Amendment retaliation claim also accrued on June 19, 2019, when Levitt allegedly retaliated against Cook for asserting his rights during the traffic stop.  *See O'Connor v. City of Newark*, 440 F.3d 125, 129 (3d Cir. 2006) (concluding that § 1983 claim for First Amendment retaliation accrues at the time of the discrete

7

retaliatory act). Cook did not file this lawsuit until August 4, 2024, more than five years after the claims accrued.³ Accordingly, all Fourth Amendment and state law claims based on Cook's stop, search, and arrest, are time-barred and must be dismissed. Defendants' Motion to Dismiss will be granted as to these claims.

Cook also asserts malicious prosecution claims under § 1983 based on allegations that Defendants fabricated probable cause by making false statements in police reports and during hearings and persisted in prosecuting him despite these false statements. Defendants do not separately address these claims in their Motion to Dismiss. The statute of limitations for Fourth Amendment malicious prosecution claims began to run when the criminal proceedings terminated in Cook's favor, or on August 12, 2022, when the Commonwealth withdrew all charges against him. *McDonough v. Smith*, 588 U.S. 109, 125 (2019); *Lloyd*, 857 F. App'x at 64 (3d Cir. 2021). Cook filed his Complaint on August 4, 2024, which was within the two-year statute of limitations period for his claims. Accordingly, Cook's Fourth Amendment malicious prosecution claims are not time barred. Defendants' Motion to Dismiss will be denied as to these claims.

Finally, the Court must consider Cook's *Monell* claim against the City of Philadelphia. *Monell* claims are also subject to a two-year statute of limitations. *Buelna v. City of Philadelphia*, No. 01-5114, 2002 WL 531538, at *2 (E.D. Pa. Apr. 8, 2002); *see also Bullock v. Borough of Roselle*, No. 17-13208, 2018 WL 4179481, at *8 (D.N.J. Aug. 31, 2018) (noting that

---

³ Although the Complaint was not docketed until August 13, 2024, Cook was a prisoner at the time he filed the Complaint, and a prisoner's complaint is considered filed at the time he hands it over to prison authorities for forwarding to the Court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988); *Moody v. Conroy*, 680 F. App'x 140, 144 (3d Cir. 2017) (*per curiam*) ("Under the prison mailbox rule, . . . a pleading is deemed filed at the time a prisoner executes it and delivers it to prison authorities for mailing."). August 4, 2024 is the date Cook signed his Complaint in this action, so that is the earliest it could have been filed.

*Monell* claims are "subject to the same two-year statute of limitations as the underlying § 1983 tort"). Defendants contend that Cook's *Monell* claims should be dismissed because they are "based upon the action" of Officer Kent, which "occurred outside the statute of limitations." (ECF No. 22 at 7.) The Court understands Defendants' argument to be that the *Monell* claim is based only on conduct that occurred in connection with the traffic stop and subsequent search and arrest. However, Defendants overlook that Cook's *Monell* claims are also based on conduct—including false statements made in an attempt to fabricate probable cause—that fall within the statute of limitations period. For example, in his Complaint, Cook alleges that "during the relevant period, the city of Philadelphia allowed and/or encouraged the Philadelphia Police Department to institute and/or maintain . . . a longstanding policy and/or custom of Philadelphia Police . . . of engaging in unlawful pretextual traffic stops and conducting warrantless searches for the sole purpose of recovering firearms without regard for constitutional rights, *and manufacturing probable cause after the fact*." (Compl. at 11-12 (emphasis added).) Accordingly, the Defendants' Motion to dismiss Cook's *Monell* claim will also be denied.

   **B.**  **Motion for Alternative Service**

Defendant Levitt has still not been served with a summons and Complaint. The U.S. Marshals could not serve Levitt because he is "no longer employed" at the city address provided on the USM-285 Form submitted by Cook and because "no forwarding address [was] provided." (*See* ECF No. 20.) Although the Court gave Cook another opportunity to submit a revised USM-285 Form for Levitt, Cook instead filed a "Motion for Alternative Service." (ECF No. 23.) In the Motion, Cook requests that the Court permit him to attempt service on Levitt either through "publication in a newspaper of general circulation in Philadelphia County, Pennsylvania" or by serving "any known legal representative or union associated with Defendant's former

9

employment, such as the Fraternal Order of Police (FOP) Lodge #5." (*Id.* at 2.) Cook Relies on Federal Rule of Federal Procedure 4(e) and Pennsylvania Rule of Civil Procedure 430.

Rule 4(e) permits service on an individual in accordance with the law of the forum state, here Pennsylvania.[4] See Fed. R. Civ. P. 4(e)(1). Pursuant to Pennsylvania Rule of Civil Procedure 430(a), "[i]f service cannot be made under the applicable rule the plaintiff may move the court for a special order directing the method of service." Pa. R. Civ. P. 430(a). Rule 430(a) further provides that the motion must "be accompanied by an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made." *Id*. In Pennsylvania, a plaintiff must meet the following three conditions before they are permitted an alternative form of service: (1) they made a good faith effort to locate the defendant; (2) they have made practical efforts to properly serve the defendant; and (3) alternative service is "reasonably calculated to provide the defendant with notice of the proceedings against him." *Calabro v. Leiner*, 464 F. Supp. 2d 470, 472 (E.D. Pa. 2006). Rule 430(a) provides a non-exhaustive list of what constitutes good faith efforts to locate the defendant:

> (1) inquiries of postal authorities including inquiries pursuant to the Freedom of Information Act, 39 C.F.R. Part 265, (2) inquiries of relatives, neighbors, friends, and employers of the defendant, (3) examinations of local telephone directories, courthouse records, voter registration records, local tax records, and motor vehicle records, and (4) a reasonable internet search.

---

[4] The Rule also permits service by:

(A) delivering a copy of the summons and of the complaint to the individual personally;
(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2).

10

Pa. R. Civ. P. 430(a). Other efforts include "calling telephone directory assistance" and "hiring private investigators or skip tracer services." *Barbosa v. Dana Cap. Grp., Inc.*, No. 07-1724, 2009 WL 902339, at *5 (E.D. Pa. Mar. 31, 2009) (footnotes omitted); *see also Clayman v. Jung*, 173 F.R.D. 138, 139-40 (E.D. Pa. 1997).

Cook has not established that he engaged in a good faith effort to locate Defendant Levitt. Cook states that he has "conducted a reasonable search of public records, including voter registration, property records, and prior court filings, but was unable to locate [Levitt]'s current residential or employment address." (ECF No. 24 at 2.) Although a plaintiff is not required to pursue every avenue suggested by Rule 430(a), they "must do more than a 'mere paper search.'" *Allstate Vehicle & Prop. Ins. Co. v. Top Line Builders, LLC*, No. 23-3974, 2023 WL 8810776, at *2 (E.D. Pa. Dec. 20, 2023) (quoting *N. Forests II, Inc. v. Keta Realty Co.*, 130 A.3d 19, 31 (Pa. Super. Ct. 2015)). Notably, Cook has suggested serving a "known legal representative or union" that is associated with Levitt's former employer, the Philadelphia Police Department ("PPD"), such as the Fraternal Order of Police Lodge #5; however, Cook has not alleged that he made efforts to contact the PPD or Fraternal Order of Police Lodge #5—either directly or through a FOIA request—to inquire about Levitt's whereabouts.

Cook has also not established that he made practical efforts to properly serve Levitt. As to this condition, a plaintiff must "make multiple attempts to serve defendants." *Barbosa*, 2009 WL 902339, at *6 (collecting cases) (finding that three attempts to make proper service on consecutive days was insufficient). The record reflects that the U.S. Marshal Service made one attempt to serve Levitt and that, according to the City of Philadelphia Law Department, Levitt is no longer employed with the City. (ECF No. 20.)

Even if Cook had made sufficient efforts to locate Levitt and attempt service on him, he is nevertheless unable to establish that either of his two requested forms of alternative service—publication in a newspaper or serving "any known legal representative or union associated with" the PPD—are reasonably calculated to provide Levitt with notice of the proceedings against him.  Courts have cautioned that service by newspaper publication "is an extraordinary measure" that is generally disfavored and should only be used as a last resort.  *Grove v. Guilfoyle*, 222 F.R.D. 255, 256 (E.D. Pa. 2004) (explaining that service by alternative means is an "'option of last resort'") (quoting *Witherspoon v. City of Philadelphia*, 768 A.2d 1079, 1089 n.3 (2001)). Cook has not named any specific newspaper in which he wishes to publish notice of this lawsuit or explained how publication in such an unidentified newspaper is reasonably calculated to provide Levitt notice of the proceedings against him.  *See Barbosa*, 2009 WL 902339, at *7 (noting that a plaintiff seeking permission to serve a lawsuit by publication "must specify the newspapers in which he intends to publish notice"); *Douglas v. Yugulis*, No. 23-1510, 2024 WL 1704899, at *1-2 (M.D. Pa. Apr. 19, 2024) (denying the plaintiff's request to serve by publication in a newspaper where the plaintiff failed to "identify any specific publication that would be 'reasonably calculated to convey notice' to the defendant.").

In addition, Cook already attempted to serve Levitt through a "known legal representative" of the PPD—the City of Philadelphia Law Department—and the City was unable to locate Levitt.  Cook does not identify any other known legal representative or union of the PPD.  Nor does he explain how serving FOP Lodge #5 is reasonably calculated to provide Levitt with notice.  Accordingly, Cook's Motion for Alternative Service will be denied.  The Court will provide Cook an additional twenty-one days to attempt to locate Levitt and provide the Court with another USM-285 for service by the U.S. Marshals.

## IV.  CONCLUSION

For the foregoing reasons, the Court will grant in part and deny in part the Motion to Dismiss filed by Defendants the City of Philadelphia and Joaquin Kent.  Defendants' Motion will be granted as to Cook's Fourth Amendment, First Amendment, and state law tort claims based on the traffic stop, search, and arrest.  Defendants' Motion will be denied as to Cook's malicious prosecution and *Monell* claims.  Cook's Motion for Alternative Service will also be denied; however, Cook will be provided an additional twenty-one days to provide the Court with a USM-285 for service upon Officer Levitt.

An appropriate Order follows.

                                                **BY THE COURT:**

                                                */s/ Jeffrey L. Schmehl*
                                                **JEFFREY L. SCHMEHL, J.**